United States Court of Appeals,

Eleventh Circuit.

No. 94-8662.

Johnny B. CHATMAN, et al., Plaintiffs-Appellants,

v.

James SPILLERS, Mayor, et al., Defendants-Appellees.

Jan. 20, 1995.

Appeal from the United States District Court for the Middle District of Georgia. (No. CV-86-91-COL), J. Robert Elliott, Judge.

Before BIRCH and DUBINA, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

Plaintiffs-Appellants are black residents and voters of the City of Butler, Georgia. In 1986, they filed a complaint alleging that the existing at-large method of electing the mayor and city council members was in violation of the United States Constitution and Sections 2 and 5 of the Voting Rights Act, 42 U.S.C. §§ 1973 and 1973c. Defendants-Appellees are the mayor, members of the city council and the election superintendent for the City of Butler. Butler has a population of 1,673 people, 45.8% of whom are black.

This case presents two issues for appellate review: (1) whether the district court's May 10, 1994, order is final and appealable as an order denying injunctive relief; and (2) whether the court erred in refusing to order interim elections for the city council and mayor since the parties' consent plan was only precleared in part and defendants objected to the terms of the plaintiffs' new plan.

We raised the jurisdictional issue *sua sponte*. The

defendants argue that the district court's May 10, 1994, order is not final and appealable, because it does not end the litigation on the merits. *See Pitney Bowes, Inc. v. Mestre,* 701 F.2d 1365, 1368 (11th Cir.), *cert. denied,* 464 U.S. 893, 104 S.Ct. 239, 78 L.Ed.2d 230 (1983). In its May 10 order, the district court essentially refused to impose upon the City of Butler a voting scheme that both parties to this litigation had not agreed upon.

While both parties agree that a vote needs to be held, the United States Department of Justice ("the Justice Department") has objected to the parties' consent order entered on June 1, 1992, and a new agreement has not been reached. After the plaintiffs renewed their motion for court-ordered elections and the defendants opposed the motion, the court denied it.

The plaintiffs filed a notice of appeal from the district court's order arguing that their appeal is of right under 28 U.S.C. § 1292(a)(1). Section 1292(a)(1) provides, *inter alia,* jurisdiction for courts of appeals from interlocutory orders entered by district courts denying injunctions. In this case, the plaintiffs were requesting an order directing the defendants to call and conduct special elections. They argue that their request was in the nature of an injunction. Injunctions have been defined as "orders that are directed to a party, enforceable by contempt, and designed to accord or protect "some or all of the substantive relief sought by a complaint' in more than preliminary fashion." C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3922, at 29 (1977 & Supp.1985). Further, "there is little difficulty in allowing appeal from orders that involve

requests for some part of the relief that might be sought in a final judgment." *Id.* at 44. The relief requested by plaintiffs in their motion is part of the relief that they are seeking in a final judgment. Also, it is directed to the defendants, and the requested order, if granted, would accord more than preliminary relief. Accordingly, we hold that the requested order can be characterized as an injunction and, consequently, we have jurisdiction over this appeal.[1]

None of the merits of this case have ever been considered by the district court. The defendants have never admitted the charges brought by the plaintiffs, and the parties' settlement agreement cannot be implemented as it was drawn. Meanwhile, elections have not been held in the City of Butler since 1986 because of the district court's TRO enjoining the holding of elections.

The defendants have offered no logical explanation for their opposition to the plaintiffs' motion for elections under terms suggested by the Justice Department. The only reason offered for their opposition is that the elections would be highly unusual and complicated, because they would require the election of city council members by a majority vote, and the election of mayor by a

---

[1]Another approach to the jurisdiction issue would be for us to address whether the temporary restraining order should be considered as a preliminary injunction because it has been in effect for several years. A TRO that runs beyond twenty days may be appealable as a preliminary injunction. *See, e.g., International Primate Protection League, et al. v. Administrators of Tulane Educ. Fd., et al.,* 500 U.S. 72, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991). The plaintiffs' appeal could be viewed by us as an appeal of the district court's TRO, which has stayed mayoral and city council elections in Butler since 1986. Thus, under this approach, this action could be considered appealable under § 1292(a)(1) as an appeal from a preliminary injunction.

plurality vote.  The district court has the power to order interim or special elections.  *Clark v. Roemer,* 500 U.S. 646, 111 S.Ct. 2096, 114 L.Ed.2d 691 (1991);  *Campos v. City of Houston,* 968 F.2d 446, 451 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 971, 122 L.Ed.2d 126 (1993).  What we must decide in this appeal is whether the district court abused its discretion by refusing to order elections under the terms suggested by the plaintiffs in their motion.  We hold that it did.

The defendants' argument that to require the city to monitor two completely different methods of elections would be highly unusual and complicated is meritless.  The defendants had previously agreed to adopt two different methods of elections in their consent order—the at-large method for mayor, and the two-district method for district council.  The difference in the number of votes necessary to win each race would actually never be an issue unless the race was close.  Included among the defendants opposing a special election are the incumbent mayor and city council members, who naturally might have a conflict of interest. Accordingly, the district court should have ordered a special election in spite of the defendants' objections.

For the foregoing reasons, we vacate the district court's order refusing to order interim elections and remand with directions that the district court order special elections within thirty (30) days from the issuance of the mandate in this case in the manner suggested by the plaintiffs.[2]  Upon remand, the district

---

[2]The city council members will be selected from two districts and elected by a majority vote.  The mayoral candidates will run at-large and be elected by a plurality vote.

court is also directed to dissolve its TRO and order a permanent court-ordered change adopting the two-district method of electing city council members in the City of Butler.

VACATED and REMANDED.